**IN THE COURT OF APPEALS OF IOWA**

No. 16-0295
Filed April 27, 2016

**IN THE INTEREST OF H.O.,**
**Minor child,**

**R.O., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Susan C. Cox, District Associate Judge.

A mother appeals the termination of her parental rights to her seven-year-old daughter. **AFFIRMED.**

Monica L. Cameron of Cameron Law Firm, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

John P. Jellineck of the Juvenile Public Defender's Office, Des Moines, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

A mother diagnosed with severe substance-abuse disorders argues termination of her parental rights is not in the best interest of her seven-year-old daughter H.O. She also asks for an additional six months to work toward reunification. Because the juvenile court's order gives H.O. a much-needed opportunity for permanency and stability, we affirm.

At the time of the termination hearing in January 2016, the mother was forty-six years old and being treated at the House of Mercy for a severe methamphetamine-use disorder and a severe alcohol-use disorder. H.O. and her sixteen-year-old brother G.G.[1] had been living with their adult sister since they were removed from their mother's care in November 2014. The Iowa Department of Human Services learned the mother was using methamphetamine and taking illegal prescription drugs while caring for H.O. after authorities arrested the mother for using her children to help shoplift from Best Buy.

The juvenile court adjudicated H.O. as a child in need of assistance (CINA) on January 13, 2015. The mother continued to use illegal drugs during the CINA case—testing positive for amphetamines twice and failing to show up for drug testing eleven times. During 2015, she entered three different treatment programs, leaving two of them against advice from staff. She entered treatment at the House of Mercy about three weeks before the termination hearing.

The mother did not regain custody of H.O. after removal, but had two-hour supervised visits twice per week. The visits have not always been ideal. The social workers reported the mother has come to visits under the influence and

---

[1] This child was not part of these termination proceedings.

often allowed her cell phone to distract her from interactions with the children. But in the weeks leading up to the termination hearing, the mother was sober and more involved with her daughter.

The juvenile court directed the State to file a petition to terminate parental rights. The State did so on December 3, 2015. The court held a hearing on January 22, 2016, and issued its termination order on February 5, 2016. The court concluded the State proved termination by clear and convincing evidence under Iowa Code section 232.116(1)(f) (2013). The mother now appeals.

Our review is de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* Clear and convincing evidence must support the termination. *Id.* Evidence is clear and convincing when we have no serious or substantial doubts as to the correctness of conclusions of law drawn from it. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).

The mother concedes the statutory ground for termination has been met. But she contends termination of the parent-child relationship is not in H.O.'s best interest. *See* Iowa Code § 232.116(2). She also claims factors in section 232.116(3)(a) and (c) weigh against termination. Finally, she alleges she could be ready to parent if given a six-month extension.

The best-interest test is primarily based on three considerations: the child's safety; the best placement for furthering her long-term nurturing and growth; and her physical, mental, and emotional condition and needs. *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (discussing framework of section 232.116(2)).

Using this framework, we find H.O.'s best interests are served by termination of her mother's parental rights. The mother's long-term, ingrained problems with substance abuse raise serious doubts about the consistency of her parenting ability. H.O.'s removal was not the mother's first encounter with the DHS. An older child was removed in 2005, based on the mother's methamphetamine and alcohol abuse. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past conduct is instructive in determining future behavior). The mother also has mental health diagnoses of post-traumatic stress syndrome, anxiety, and depression, which she acknowledges are a continuing concern. Due to her struggles with substance abuse and mental illness, the mother has been unable to provide safe, reliable care for H.O. We glean insight for the determination of a child's long-range best interests from "evidence of the parent's past performance" because that performance may be "indicative of the quality of the future care that parent is capable of providing." *In re Interest of C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) (citing *In re Interest of Dameron*, 306 N.W.2d 743, 745 (Iowa 1981)).

In contrast, the record shows H.O. is safe, happy, and comfortable in the care of her adult sister, whose residence is identified as a pre-adoptive home. The mother has, at times, interfered with H.O.'s relative placement and made disparaging remarks about the adult sister. We find H.O.'s best interests are served by moving toward adoption.

We also agree with the juvenile court's conclusion termination was appropriate in spite of the mother's reliance on sections 232.116(3)(a) and (c). The factors in section (3) are permissive; a juvenile court may choose to forego

termination if any of the listed circumstances are satisfied but is not obligated to do so. *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011).

The mother argues that because H.O. is placed with a family member, a guardianship would be appropriate. *See* Iowa Code § 232.116(3)(a). We disagree. Establishing a guardianship instead of termination would not promote stability in H.O.'s life. *See In re R.S.R.*, No. 10–1858, 2011 WL 441680, at *4 (Iowa Ct. App. Feb. 9, 2011) ("Termination and adoption are the preferred solution when a parent is unable to regain custody within the time frames of chapter 232."). The mother also claims termination would be detrimental to H.O. given the strength of their bond. *See* Iowa Code § 232.116(3)(c). While we do not question the mother's love for H.O., we do not find the closeness of their relationship outweighs H.O.'s need for permanency.

Lastly, the mother asks for additional time to work toward reunification. *See* Iowa Code § 232.104(2)(b) (authorizing a court to postpone "placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order."). To grant additional time, the court must be able to enumerate specific factors or expected behavioral changes that show the need for removal will no longer exist at the end of the additional six months. *Id.* We do not believe an extension is warranted by the instant facts. The mother battled her addictions in the year leading up to termination, unfortunately with little progress. While the social worker observed a small improvement in the mother's engagement during the visits since she entered the

House of Mercy, the change was too tentative to support an extension.  *See In re*
*A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005).

**AFFIRMED.**